FORD SMITH, Respondent, *v.* CARL SAUERWEIN, Appellant.

### February 28, 1876.

Where the court, sitting as a jury, refuses instructions based on a supposed state of facts, and it afterwards appears from the finding that the court, as trier of the issues, did not believe such facts to have existed, such refusal cannot be declared erroneous.

APPEAL from St. Louis Circuit Court.
*Affirmed.*
*Gottschalk,* for appellant.
*Ford Smith,* for respondent.

BAKEWELL, J., delivered the opinion of the court.

This is a suit upon a promissory note, dated July 31, 1872, made by defendant, and payable sixty days after date, to the order of Joseph Degenhart & Co., with interest from date, at 10 per cent. per annum. The suit was originally before a justice of the peace, and judgment was given for plaintiff. On trial anew in the Circuit Court, judgment was again given for plaintiff, on February 10, 1874, for $138.30. A *remittitur* was entered by plaintiff for $69.80, leaving a judgment of $69.

The defendant asked ten lengthy instructions, of which two were given and eight refused. To the refusing of these instructions defendant excepted at the time, and having in due time filed a motion for a new trial, which was overruled, the case is brought here, by defendant, on appeal.

The testimony of Joseph Degenhart was to the effect that the note sued upon was given for the interest due upon a book account for $1,350, due by defendant for an account for lumber; that the principal debt was paid by the transfer of some real estate, and the note in suit given for the interest; that no part of the note was ever paid, except $5 or $10 which defendant paid witness on account of the note. There was other testimony tending to show that the note sued on was given for the interest due on July 31, 1872, on two notes for $700 and $650 respectively, dated January 2, 1872, at sixty and ninety days, with interest from date at 8 per cent. per annum, made by defendant to the order of Joseph Degenhart & Co.

At the instance of defendant the court gave the two following instructions:

" If the court finds that the note sued upon was given for interest accrued on two notes, and for protest fees, and that the total amount thereof did not, at the date of the execution of the note sued on, amount to $120, then there was a partial want of consideration of said note."

" If the court believe from the evidence that the consid-

eration of the note sued upon was the amount of interest accrued from the two notes read in evidence, dated January 2, 1872, and the protest fee, and that such amount was less than the amount of the note dated July 31, 1872, then plaintiff cannot recover the full amount of such note sued on."

Eight other instructions, all declarations of law based upon the idea that the note sued on was given for interest on the two notes mentioned in the second instruction set out above, were refused.

As the court, sitting as a jury, gave defendant's two instructions above, and then gave a verdict for the full amount of the note sued on and interest, it is clear that it thereby found, as a fact, that the note was given for the consideration sworn to by the witness Degenhart, and not for interest on the two notes mentioned above. The law applicable to the case was sufficiently set forth in the instructions given, and, without setting out in full the instructions refused, we say that we see no error in refusing them. To ask a court to give three foolscap pages of instructions, many of them almost identically the same, and putting in every possible shape the legal consequence which might follow from a supposed state of facts which the court, sitting as a jury, by its verdict, taken together with the instructions given, most completely negatives, may have seemed a proper precaution to the counsel trying the case for defendant. But we are not prepared to say that it was error in the learned judge before whom the cause was tried to refuse to mark as given a catalogue of instructions amounting to a small treatise, based upon a view of the case which, in his judgment, as trier of the fact, was not warranted by the evidence.

The judgment of the Circuit Court is affirmed. The other judges concur.